IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lydia Rogers,<br><br>   Plaintiff,<br><br> vs.<br><br>Celeston, Inc. d/b/a Assisting Hands Matteson,<br><br>   Defendant. | Civil No. 1:23-cv-02874<br><br>Honorable Martha M. Pacold |

**DEFENDANT'S UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendant, Celeston, Inc. d/b/a Assisting Hands Matteson ("Defendant"), by and through undersigned counsel, hereby file Defendant's Unopposed Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice. Plaintiff does not oppose this motion.

 **I.** **Factual Background and Terms of the Agreement.**

On May 8, 2023, Rogers, a former employee of Celeston, filed Plaintiff's Original Class And Collective Action Complaint ("Complaint") against Chicagoland Senior Care, Inc. d/b/a Assisting Hands Home Care ("Chicagoland") under the Fair Labor Standards Act and the Illinois Minimum Wage Law on behalf of herself and all others similarly situated. (D.E. 1.) Chicagoland notified Rogers that it never employed her, and she amended the Complaint on June 8, 2023 to substitute Defendant for Chicagoland ("Amended Complaint"). (D.E. 7.) Defendant denies the allegations and believe that Plaintiff was properly compensated under the FLSA and IMWL.

However, to avoid the further expense and uncertainty of litigation, the Parties negotiated and executed a settlement agreement ("the Agreement"). Under the Agreement, which is being

submitted to the Court for *in-camera* review, Plaintiff will receive the wages she alleges are owed and an amount representing liquidated damages. Defendant seeks to resolve the claims without any admission that Plaintiff was not properly compensated while employed with Defendant. The Parties also negotiated Plaintiff's attorneys' fees and costs independently and separately from the settlement of Plaintiff's wage claims. As the Agreement provides Plaintiff with fair and reasonable compensation for her claims, claims Defendant disputes, Defendant respectfully requests this Court grant the motion, approve the settlement, and dismiss the matter with prejudice.

## II. The Proposed Settlement Reflects a Reasonable Compromise of the Parties' Claims and Defenses.

Proposed settlements under the FLSA require court approval because private wage and hour settlements will not effectuate a valid release. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

To approve an FLSA settlement, the court must find that the settlement "represents a fair and equitable resolution of a *bona fide* dispute." *See, e.g., Donaldson v. MBR Central Illinois Pizza, LLC*, No. 18-cv-3048, 2019 WL 4447969 (C.D. Ill. Sept. 17, 2019). Typically, courts rely on the adversarial nature of a litigated case resulting in settlement as indicia of fairness. *See Lynn,* 679 F.2d at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* This Court should readily conclude that this settlement is a reasonable resolution of a *bona fide* dispute in contested litigation.

First, the Court can readily conclude the Agreement is a product of contested litigation. Plaintiff was represented by counsel, and counsel for the Parties engaged in informal discovery by

91125479.2

exchanging information and documents related to Plaintiff's allegations. In addition to their factual investigations, the Parties also undertook legal analysis of the various issues implicated in this case, including the merits of Plaintiff's claims and Defendant's defenses by conducting an extensive legal analysis and damage estimates if liability were found in this case.

The contested litigation was over a *bona fide* dispute as well. Plaintiff alleged Defendant improperly paid her overtime. Defendant vehemently denies Plaintiff's allegations. If Plaintiff's allegations were all ultimately correct, then Defendant would be faced with the prospect of a monetary verdict in favor of Plaintiff, as well as the obligation to pay their own litigation fees and costs, and the litigation fees and costs of Plaintiff's Counsel. If Defendant's arguments were correct, then Plaintiff faced a potential dismissal of the claims and no recovery of any kind.

Lastly, the Agreement is fair and reasonable. The Parties engaged in arm's-length negotiations, and engaged in extensive analysis of damages, pertinent documentation and the facts and applicable law. Plaintiff will receive an amount equal to what she alleges she was owed for overtime, as well as liquidated damages and attorneys' fees. Importantly, the amount of attorneys' fees is reasonable as well. *See Bligh v. Constr. Res. of Ind., Inc.*, No. 1:15-cv-00234-JD-SLC, 2016 WL 5724893, at *3 (N.D. Ill. Aug. 10, 2016) (Collins, J.) (courts consider whether the amount of attorneys' fees is reasonable). Here, Plaintiffs' counsel will receive an amount that accounts for the time spent on this matter.

### III. The Agreement Should Be Reviewed *In Camera*

The Parties negotiated and agreed to keep the specific terms of the Agreement subject to a non-disclosure provision. Plaintiff has chosen to resolve her claim on an individual basis, and this case has not been certified for class or collective treatment. As a result, the settlement is not a matter of public concern, and the Court should review the Agreement *in camera* to preserve its

confidentiality. *See Mazurek v. Compucom Sys., Inc.*, No. 1:08-cv-00187 (Doc. 56) (N.D. Ill. Apr. 22, 2009) (Grady, J.) (reviewing FLSA settlement agreement *in camera* when it resolved two individual claims); *Ellison v. Nisource, Inc.*, No. 2:15-CV-59-TLS, 2016 WL 782857, at *1 (N.D. Ind. Feb. 29, 2016) (reviewing FLSA settlement agreement *in camera*); *Beachy v. Reliance Construction, Inc.*, No. 3:15-CV-184-TLS, 2015 WL 6828864, *1 (N.D. Ind. Nov. 6, 2015) (same); *Roberts v. Apple Sauce, Inc.*, No. 3:12-CV-830-TLS, 2014 WL 4804252, *1 (N.D. Ind. Sept. 25, 2014) (same).

### IV. Conclusion.

The Agreement represents a fair and reasonable settlement of a *bona fide* dispute under the FLSA, and is the result of contested litigation. The allegations were disputed throughout the lawsuit, and the settlement represents a compromise position negotiated at arms' length after significant analysis of the applicable facts and law. Defendant respectfully requests this Court review the Agreement *in camera,* approve the Agreement and dismiss this case with prejudice.

Respectfully Submitted,

 */s/ Scott Gilbert*
Scott Gilbert
**POLSINELLI, PC**
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-6375
sgilbert@polsinelli.com

**ATTORNEY FOR DEFENDANT**

91125479.2

## CERTIFICATE OF SERVICE

This is to certify that on September 29, 2023, I served the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record listed below.

                                        */s/Scott M. Gilbert*
                                        */s/ Scott M. Gilbert*

Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
312-419-1008 – Telephone
dwerman@flsalaw.com
msalas@flsalaw.com

Michael A. Josephson
Andrew W. Dunlap
William M. Hogg
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone

91125479.2

-2-

361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com

*Pro hac vice applications forthcoming

**ATTORNEYS FOR PLAINTIFF**

91125479.2